*Practice — leave to issue an execution where the debtor has conveyed his property — that the judgment is unsatisfied must be proved by affidavit.*

The amendment to section 1380 of the Code of Civil Procedure, made by chapter 515 of the Laws of 1890, dispensing with the necessity of obtaining leave to issue execution against the real estate of a deceased person, where he has conveyed the same in fraud of creditors, does not apply to a case where a conveyance of his real estate made by the debtor has not been declared fraudulent, as against his creditors, by a competent court.

It is not enough to allege in the motion papers that the conveyance was fraudulent.

The proof required by section 1381, subdivision 1, of the fact that the judgment remains wholly or partly unsatisfied, must be by affidavit, and it seems that such proof cannot be properly made by petition.

APPEAL by John A. Holmes, petitioner, from an order, entered in the office of the clerk of the county of New York on the 19th day of November, 1890, denying a motion made by said petitioner for an order granting him leave to issue an execution to enforce a judgment recovered against one James Boyle, since deceased, in his lifetime.

*Thomas J. Keigharn*, for the appellant.

*D. Thornton*, for the respondent.

VAN BRUNT, P. J.:

On the 26th of October, 1880, the petitioner and his brothers, William J. and Albert W. Holmes, obtained a judgment against one James Boyle, and the petitioner is the sole owner of the judgment which remains wholly unpaid and unsatisfied. The judgment-debtor died in or about January, 1881, and this application is made for leave to issue execution upon said judgment. This motion was denied upon the ground that, by the amendment of section 1380 of the Code made in 1890, it is provided that the section shall not apply to real estate which had been conveyed or might thereafter be conveyed by the deceased judgment-debtor during his lifetime, when such conveyance is made in fraud of his creditors, or any of them, and from the order denying the motion this appeal is taken. We think the learned judge erred in his application of the amendment referred to.

It is true, that in the case at bar it is alleged that the judgment-debtor had, in 1873, conveyed certain premises in fraud of his creditors, but the amendment did not apply to such a case, unless the alleged conveyance had been declared fraudulent, and then judgment-creditors might issue their executions, as matter of course, without application to the court. But until the fraudulent conveyance had been declared fraudulent, leave of the court was necessary in order that the judgment-creditor might issue execution. And it is sought to issue the execution in the present case, in order to lay the foundation, the necessary foundation, for the maintenance of a creditor's action to set aside this alleged fraudulent conveyance, if such conveyance exists. After such suit has been brought and such conveyance has been declared fraudulent, then the amendment of section 1380 applies and leave of the court is not necessary to issue an execution to reach the real estate, as to which the fraudulent conveyance has been set aside.

It is urged that the judgment recovered against the deceased could not be a lien against this real estate, because more than three years and six months have expired since the decedent's death. We think this is an erroneous interpretation of the provisions of section 1380, and that it was in no way intended to limit the length of the lien provided by section 1251, but, on the contrary, to extend the same under certain circumstances beyond the period of ten years provided by the latter section.

There is another point taken, and that is that by section 1381 it is provided that the proof before the court shall be made by affidavit, whereas this proceeding is initiated by petition, and there is no affidavit before the court. If this objection had been taken in the court below, we think it would have been fatal to the proceeding, but as it does not appear to have been then taken, we think that the question of the irregularity of the initiation of the proceedings was waived.

Upon the whole case, therefore, we think that the order appealed from should be reversed, with ten dollars costs and disbursements and the motion granted.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements and the motion granted.