*In re* BOYLE'S ESTATE.

*In re* HOLMES.

*(Supreme Court, General Term, First Department.* October 16, 1891.)

1. EXECUTION AGAINST ESTATE OF DECEASED DEBTOR—LEAVE TO ISSUE.
    Code Civil Proc. N. Y. § 1380, provides that, "when the lien of a judgment was created as prescribed in section 1251, neither the order nor the decree [granting leave to issue execution] can be made until the expiration of three years after letters testamentary or letters of administration have been duly granted upon the estate of the decedent." *Held,* that the surrogate has authority to grant such order after three years from the death of the judgment debtor, when he left no personal estate, and no letters of administration have ever been issued.

**2. SAME—CONVEYANCE BY DEBTOR.**
> The order may be granted though the real estate sought to be subjected has been conveyed by the judgment debtor during his life-time, where the grantee did not accept the conveyance, as in such case the judgment did become a lien thereon.

**3. SAME—FRAUDULENT CONVEYANCES.**
> The amendment of Code Civil Proc. § 1380, requiring leave to be obtained to issue execution against the property of a deceased judgment debtor, by Laws N. Y. 1890, c. 515, which provides that the section shall not apply to real estate conveyed by the judgment debtor during his life-time, if such conveyance was made in fraud of his creditors, only applies where such conveyance has been declared fraudulent by judgment of a court of competent jurisdiction.

Appeal from surrogate's court, New York county.

Petition to the surrogate's court by John A. Holmes for leave to issue execution against real estate of James Boyle, deceased, on a judgment recovered against him in his life-time. The application was granted, and Andrew Little and John Neely appeal. For former report, see 13 N. Y. Supp. 100.

Argued before VAN BRUNT, P. J., and INGRAHAM and DANIELS, JJ.

*Thornton, Earle & Kiendl,* (*David Thornton,* of counsel,) for appellants. *Thomas J. Keigharn,* for respondent.

DANIELS, J. Upon a petition and answer in all material respects similar to those upon which the decree of the surrogate has been made, an application was made to the special term of this court for leave to issue an execution on the same judgment. The application was then denied, and on appeal to the general term the order was reversed, and the case was held to be within the provisions of the Code of Civil Procedure, presenting the cases in which an execution might be allowed to be issued to enforce a judgment against the real estate of the deceased defendant,—*In re Holmes,* (Sup.) 13 N. Y. Supp. 100,—and that was sufficient authority to sustain the decree made for the same object by the surrogate. It may, however, be further added, if the conveyance made by the judgment debtor of his real estate was not accepted by the grantee, as there is reason for believing the fact to be, then the judgment did become a lien upon the land, pursuant to section 1251 of the Code, and the surrogate was for that reason empowered to make the decree; for by section 1380 of the Code the decree was provided for after the lapse of three years from the decease of the judgment debtor, as long as he is shown to have left no personal estate, and no letters of administration were at any time issued on his estate. The proceedings to obtain the decree were not commenced until after the expiration of these three years, and no letters of administration were issued on the estate of the judgment debtor, who died intestate, and left no personal estate. These were all the essential facts to subject the case to the jurisdiction of the surrogate, and there seems to have been no good reason to doubt their existence. The section, as it has been amended in 1890,[1] was evidently designed to meet and provide for all cases of judgments against deceased persons, leaving real estate claimed by the creditor to be subject to sale under execution to enforce the payment of his judgment. And the fact that the real estate may have been included in a conveyance intended to defraud the creditor, as the fact is in this instance alleged to be, does not exclude the case from the application of this section; for it is only where the conveyance has been declared fraudulent by the judgment or decree of a competent court that

[1] Code Civil Proc. N. Y. § 1380, provides that "where the lien of the judgment was created, as prescribed by section 1251, neither the order nor the decree [granting leave to issue execution] can be made until the expiration of three years after letters testamentary or letters of administration have been duly granted upon the estate of the decedent." Laws 1890, c. 515, provides that this section "shall not apply to real estate" which shall have been conveyed, or hereafter may be conveyed, by the deceased judgment debtor during his life-time, if such conveyance was made in fraud of his creditors, or any of them."

the case has been excepted from the operation and effect of the section. There no application for leave to issue an execution to enforce the judgment against such fraudulent conveyance can be required, but, as the section declares, the execution may be issued without leave of any court or officer. To exclude that class of cases from the section the conveyance must not only be fraudulent, but it must also have been so declared by the judgment or decree of a competent court, and no such judgment or decree has been recovered as to this conveyance. The case, therefore, is not within the exception; and as its provisions are general, subject alone to this exception, it follows that the requisite authority has been provided for the making of this decree of the surrogate. The decree should be affirmed, with $10 costs and the disbursements.

All concur.